UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AVA PATE ROSENTHAL,

    Plaintiff,
v.                                      Case No: 8:20-cv-1571-WFJ-AAS

KILOLO KIJAKAZI,[1]
**Acting Commissioner,**
**Social Security Administration,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Ava Pate Rosenthal moves for an award of attorney's fees and costs, which the Commissioner does not oppose. (Doc. 30). Ms. Rosenthal requests attorney's fees in the amount of $3,734.77 under the Equal Access to Justice Act (EAJA), 28 U.S.C. Section 2412. The EAJA permits awards for reasonable attorney's fees and expenses to a prevailing party against the United States. 28 U.S.C. § 2412. Ms. Rosenthal also requests the filing fee in the amount of $400.00 under the judgment fund.

A May 8, 2021 order remanded the Commissioner's final decision under

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). *See also* section 205(g) of the Social Security Act, 42 USC 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

1

sentence four of 42 U.S.C. Section 405(g) for further administrative proceedings. (Doc. 26). The Clerk entered judgment in Ms. Rosenthal's favor. (Doc. 27). Ms. Rosenthal now requests an award of attorney's fees under the EAJA and costs under the judgment fund. (Doc. 28).

The Commissioner does not contest the following: Ms. Rosenthal is the prevailing party; Ms. Rosenthal's net worth was less than $2 million when she filed her complaint; the Commissioner's position was not substantially justified; no special circumstances make an attorney's fees award unjust; and Ms. Rosenthal's attorney's fees request is reasonable. A court should grant a Social Security claimant's request for attorney's fees when it is unopposed. *See Jones v. Colvin*, No. 8:13-CV-2900-T-33AEP, 2015 WL 7721334 (M.D. Fla. Nov. 30, 2015) (awarding unopposed attorney's fees request). Thus, Ms. Rosenthal is entitled to attorney's fees in the amount of $3,734.77.

Attorney's fees awarded to a claimant under the EAJA can be offset to satisfy the claimant's pre-existing debt to the United States. *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). Following an order, the United States Department of the Treasury will determine whether Ms. Rosenthal owes a debt to the United States. Ms. Rosenthal assigned her rights to EAJA fees to her attorney. So, if Ms. Rosenthal has no federal debt, the United States will accept her assignment of EAJA fees and pay the fees directly to counsel.

Ms. Rosenthal requests $400.00 in costs. Although EAJA includes costs in its statute, "[c]osts and expenses are treated differently in the sense of the source from which [they] are paid." *Schneidmiller v. Comm'r of Soc. Sec.*, No. 8:17-cv-2764-T-02MCR, 2019 WL 2343218, at *2 (M.D. Fla. June 3, 2019). "[U]nder the EAJA, costs, including fees of the clerk, are reimbursed from the judgment fund administered by the Department of the Treasury, while attorney fees and expenses are paid by the Social Security Administration." *Walker v. Astrue*, No. 5:07cv275/RS/EMT, 2010 WL 2572519, at *1 (N.D. Fla. June 1, 2010), *report and recommendation adopted,* 2010 WL 2572517 (N.D. Fla. June 22, 2010). Thus, the $400.00 filing fee is recoverable as a cost to be paid from the judgment fund. *See* 31 U.S.C. § 1304.

Accordingly, it is **RECOMMENDED** that Ms. Rosenthal's motion for attorney's fees under the EAJA and costs under 31 U.S.C. § 1304 (Doc. 30) be **GRANTED**. Ms. Rosenthal should be awarded **$3,734.77** in attorney's fees under EAJA and **$400.00** in costs under 31 U.S.C. § 1304.

**ENTERED** in Tampa, Florida on August 17, 2021.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

## **NOTICE TO PARTIES**

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.  A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.